*480
 
 Battle, J..
 

 Whether a special replication of a. new prom" ise can be relied' on to take the case out of the operation of the statute of limitations, when the action is brought by theendorsee against the endorser of a note, it is unnecessary for us to decide, for we cannot find in the facts stated in the present ease any evidence of such promise, either express or implied. The rule has been so often laid down by our Court, as-to have- become trite, that to repel the bar of the plea of the-statute of limitations in the action of assmn-psit, there must bean express promise-to pay, or a distinct acknowledgement of' the claim as an. existing debt,, from- which- a promise to pay it, may be implied; see Vass v. Conrad; ante 81, and the cases therein cited. There is certainly, in the present case, nopretence that the defendant expressly promised to pay the-debt in- dispute, and, to our apprehension, there is nothing shown from which it cam be inferred ¿hat he acknowledged, or intended to acknowledge it. From the testimony of Mr., Gorrell, it appears that the defendant, as the former guardian-of some miner children, had. failed to pay the plaintiff, who had been appointed his successor in- the office, a certain sum which was due to the wards.. This failure- had been- caused by the omission to take into account two credits endorsed on-the note of Rankin & McLean, which had been assigned together with others by the defendant to the plaintiff. The omission was rectified by the payment of the amount of these credits, but the payment was manifestly not one in part of the Rankin
 
 &
 
 McLean note, and bad no reference to the defendant’s liability as the endorser thereof. It was made simply to correct a mistake, and for- no other purpose whatever. The defendant neither did any thing or said any thing, that touched his liability as the endorser of the note in question-, and therefore, there was no acknowledgement of the debt as his, from which there can be inferred a promise that he would pay it. We concur in the opinion of his Honor, in the Court below, that the plaintiff cannot recover, and the judgment of nonsuit must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.